IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VIRGIL E. HOLT,**<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**P. FINANDER, ET AL.,**<br><br>　　　　　　　　Defendants. | CV15-5089 JVS (KS)<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER**<br><br>Date:<br>Time:<br>Courtroom: E, 9th Floor, Spring St.<br>Judge: Magistrate Judge Karen L. Stevenson<br>Trial Date:<br>Action Filed: 12/3/2015 |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on Defendants' Motion for a Protective Order ("Motion") filed on August 24, 2017, the terms of the Defendants' proposed protective order are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court. The Court's additions to the terms of the proposed protective order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.**

1

# TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT

~~Pursuant to defendant C. Chin's (Dr. Chin) Subpoena for prison medical and inmate medical appeal records of plaintiff Virgil E. Holt (Holt or Plaintiff) from the California Department of Corrections and Rehabilitation (CDCR) served on December 21, 2016 (Subpoena, copy attached as Exhibit 1) and Holt's Motion to Quash, the Court orders that all documents and/or information produced by CDCR in response to the Subpoena are subject to this Protective Order. These documents are the following:~~

**This action is likely to involve medical records, including m**edical records relating to the care, diagnosis, examination, treatment, and rehabilitation of Virgil E. Holt (CDCR No. H-17313) for an injury to his left wrist which occurred on May 11, 2013. **Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.**

**"CONFIDENTIAL" Information or Items is defined as information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. This includes** ~~The records to be produced include~~ records of medications, communications regarding Plaintiff's healthcare, Chronos, Health Care Appeals, Inmate/Parolee Appeals, and

2

Reasonable Modification or Accommodation Requests. ~~(Collectively, CONFIDENTIAL INFORMATION.)~~

The CONFIDENTIAL INFORMATION set forth above shall be marked "CONFIDENTIAL" by the Office of the Attorney General. If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced by CDCR pursuant to the STIPULATION is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

1. All documents produced by CDCR in conjunction with the **now pending** Subpoena subsequent to the entry of this Protective Order shall be subject to this Protective Order, and shall be deemed CONFIDENTIAL INFORMATION.

2. All CONFIDENTIAL INFORMATION provided in accordance with this Order may be used for all proceedings in this matter, including law and motion, trial and/or appeal. However, in the event that CONFIDENTIAL INFORMATION is used in any such proceedings, the party submitting the CONFIDENTIAL INFORMATION must seek an order sealing that portion of the record.

3. If any information and/or documents which are subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-5.1, and with an appropriate application made to United States Magistrate Judge KAREN L. STEVENSON, for lodging under seal, in an envelope clearly marked as follows:

**"CONFIDENTIAL AND MATERIAL SUBJECT TO A PROTECTIVE ORDER. CASE NO.: CV15-5089 JVS (KS)"**

4. Testimony taken at any deposition or conference may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by counsel for defendants with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly.

5. ALL CONFIDENTIAL INFORMATION produced in accordance with the STIPULATION shall not be used or disseminated, an any matter or proceeding other than in this case, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties or by further order of this Court.

6. CONFIDENTIAL INFORMATION shall be viewed only by: (1) the Court and its staff; (2) counsel of record for the parties, including associates, clerks, and secretarial staff for such parties, (3) independent experts retained by parties, and (4) any associates, assistants, and secretarial personnel of such experts and other persons designated by agreement of the parties, and so long as said experts have agreed in writing in advance of any disclosure of CONFIDENTIAL INFORMATION to be bound by this Protective Order. In the event an individual does not consent to be bound by this Protective Order, no disclosure of CONFIDENTIAL INFORMATION will be made to such individual.

\\
\\

1    7.   CONFIDENTIAL INFORMATION produced in connection with the STIPULATION shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the information may be divulged to the media and the public.

8.   In the event that any CONFIDENTIAL INFORMATION is used or referred to during the course of any court proceeding in this action, such information shall not lose its confidential status through such use.

9.   Each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL INFORMATION.

10.  In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order.  This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt.  Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

11.  This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of CONFIDENTIAL INFORMATION, shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.  Counsel are entitled to retain copies of the CONFIDENTIAL

INFORMATION and all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain CONFIDENTIAL INFORMATION. Any such archival copies that contain or constitute CONFIDENTIAL INFORMATION remain subject to this Protective Order.

**12. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.**

**IT IS SO ORDERED.**

DATED: August 25, 2017

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE